1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                        DISTRICT OF NEVADA

7                              * * *

8   JOHN HANCOCK LIFE INSURANCE              Case No. 2:13-cv-00557-APG-GWF
    COMPANY (U.S.A.),
9                                            **ORDER GRANTING IN PART**
                              Plaintiff,     **PLAINTIFF'S MOTION TO ORDER**
10                                           **INTERPLEADER AND DENYING**
          v.                                 **KRISTINE LEE JACOBS'S MOTION**
11                                           **FOR DECLARATORY JUDGMENT**
    KRISTINE LEE JACOBS, an individual,
12  KRISTINE LEE JACOBS, guardian for Brian
    C. Wood, a minor, GINA NEFF, an individual,
13  and DUANE JACOBSEN, an individual,

14                            Defendants.

15
    KRISTINE LEE JACOBS, guardian for
16  Brian C. Wood, a minor, KRISTINE LEE
    JACOBS, an individual,
17
                              Counter-Claimants,
18
          v.
19
    JOHN HANCOCK LIFE INSURANCE
20  COMPANY (U.S.A.),

21                            Counter-Defendant.

22

23

24  I.    **BACKGROUND**

25          On April 1, 2013, John Hancock Life Insurance Company (U.S.A.) ("Hancock") filed a

26  complaint in interpleader against Kristine Lee Jacobs ("Kristine") (in both her individual capacity

27  and as guardian of her minor son, Brian C. Wood ("Brian")), Gina Neff ("Neff"), and Duane

28  Jacobsen ("Duane").  (Dkt. No. 1.)

1    The core of this controversy is a life insurance policy (the "Policy") issued by Hancock to

2    Albert L. Wood, Jr. (the "Decedent") in 2000. Kristine was named as the Policy's primary

3    beneficiary and entitled to 100% of the benefit, or $400,000 (the "Proceeds"). The Policy named

4    four contingent beneficiaries: (i) Brian, with 75% of the benefit; (ii) Albert L. Wood, Sr. (the

5    Decedent's father, who Hancock alleges died on December 6, 2012), with 10%; (iii) Neff

6    (Kristine's mother), with 10%; and (iv) Duane (the Decedent's brother-in-law, now deceased),

7    with 5%. (Dkt. No. 1 at 3.) Kristine was the Decedent's wife at the time the Policy was issued.

8    They divorced in 2004 and disposed of their property under the terms of a settlement/separation

9    agreement (the "Separation Agreement"). The Separation Agreement states that "Kristine shall

10   be canceled from any and all insurance policies as a named beneficiary by [the Decedent]." (Dkt.

11   No. 1 at 35.) After the divorce, however, the Decedent never actually canceled Kristine from the

12   Policy.

13       The Decedent died on December 15, 2012. Kristine claims an entitlement to 100% of the

14   Proceeds as the named primary beneficiary on the Policy. Hancock alleges in its interpleader

15   action that it "has been unable [to] confirm the proper and legal beneficiaries under the Policy, as

16   well as the proper ratios of distributions of the Proceeds." (Dkt. No. 1 at 5.) Hancock expresses

17   concern about the uncertain effects of (1) NRS 111.781, which revokes upon divorce certain

18   property dispositions and appointments made during a marriage; (2) the Settlement Agreement;

19   and (3) the Decedent's failure to remove Kristine from the Policy. Hancock seeks to employ this

20   interpleader action to determine who is entitled to the Proceeds, and to immunize itself from

21   multiple claims concerning the Policy and/or the Proceeds.

22       Pending before the Court are Kristine's motion for declaratory judgment (Dkt. No. 10)

23   and Hancock's motion for an order allowing interpleader (Dkt. No. 13.) The parties' arguments

24   in the briefing largely overlap. In short, Kristine argues that she is entitled to the Proceeds as a

25   matter of law because (i) she is the named primary beneficiary under the Policy; (ii) the legal

26   effect of NRS 111.781 and the Settlement Agreement is certain; (iii) Brian supports her position;

27   (iv) Neff has disclaimed any interest in the Proceeds; and (v) only Kristine has made a claim for

28   the Proceeds. Hancock argues that it has a reasonable fear of double exposure because Nevada

1   law is not so certain and because the minor son Brian may have a valid claim to the Proceeds now

2   or when he reaches the age of majority.

3   **II.     ANALYSIS**

4           District courts have original jurisdiction over interpleader actions with $500 or more in

5   controversy if "two or more adverse claimants, of diverse citizenship . . . are claiming or may

6   claim to be entitled to such money or property . . . ." 28 U.S.C. § 1335(a). FED. R. CIV. P.

7   22(a)(1) authorizes a stakeholder to join "[p]ersons with claims that may expose a plaintiff to

8   double or multiple liability" and requires such persons to interplead.

9           The Ninth Circuit recently held that "a stakeholder must interplead in good faith, but the

10  threshold is not exacting.  Interpleader is appropriate where the stakeholder reasonably fears there

11  may be multiple parties with colorable adverse claims to the stake." *Michelman v. Lincoln Nat.*

12  *Life Ins. Co.*, 685 F.3d 887, 896 (9th Cir. 2012).  The "stakeholder is required to demonstrate that

13  the adverse claim has a minimal threshold level of substantiality." *Id.* at 895 (internal quotation

14  marks and citation omitted).  Multiple parties may have colorable potential claims even if only

15  one person currently claims the insurance proceeds. *Id.*  Here, the pertinent question is whether

16  Hancock reasonably fears that a party aside from Kristine may have a colorable claim to the

17  Proceeds.  For the reasons set forth below, the answer is yes.

18          "[E]valuating a claim's merits before determining that interpleader is appropriate is

19  backwards of the usual order, and would defeat the resource-conservation purposes of

20  interpleader." *Id.* at 895–96 (internal quotation marks and citation omitted).  Nonetheless, a

21  cursory analysis of the merits of this case is required to determine if Hancock's fear of multiple

22  colorable claims is reasonable.

23          Hancock's fear of multiple potential colorable claims is reasonable for several reasons.

24  First, the possible retroactivity of NRS 111.781 is a complex question of Nevada law.  Second,

25  whether the language of the Policy is sufficiently "express" to preclude the application of NRS

26  111.781 is not a black-and-white issue.  Third, the minor son Brian may have a valid claim

27  against the Proceeds if Kristine is determined not to be a beneficiary under the Policy (an issue

28  the court expressly does not decide herein), either now or when he reaches the age of majority.

1    Fourth, Neff also may have a valid claim against the Proceeds.  Although she presently avers that

2    she has no desire to claim against the Proceeds, her affidavit may not bind her to that position as a

3    matter of law at this point.

4         Finally, a conflict of interest may exist between Kristine and Brian.  Both appear to have

5    valid, competing claims to the Proceeds, yet Kristine contends she is acting in both her own

6    interest and in Brian's interest as his guardian.  Without deciding the issue at this time, it may be

7    necessary to appoint a guardian *ad litem* to represent Brian's best interests in this proceeding.

8         The Court thus grants in part Hancock's motion (Dkt. No. 13).  The Proceeds are ordered

9    interpleaded to the Court.  In accord with Local Rule 22-1, the Court denies Hancock's request to

10   be discharged and released of liability at this time.  The Court also denies without prejudice

11   Hancock's request for attorney's fees and costs.  After the Scheduling Conference (presently set

12   for August 19, 2013), Hancock may again move to be discharged and released from liability, and

13   to recover its attorney's fees and costs.  *See* Local Rules 22-1, 22-2.

14        The Court treats Kristine's motion for declaratory judgment as one for summary

15   judgment.  *See Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*,

16   560 F.3d 935, 943 (9th Cir. 2009) ("The only way plaintiffs' motion [for declaratory judgment]

17   can be construed as being consistent with the Federal Rules is to construe it as a motion for

18   summary judgment on an action for declaratory judgment." (citation omitted)).  "The court shall

19   grant summary judgment if the movant shows that there is no genuine dispute as to any material

20   fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  As

21   discussed above, at this early stage in the proceeding, there appear to be genuine disputes of

22   material fact about who has a colorable claim to the Proceeds, about the Decedent's intent in

23   failing to remove Kristine as the Policy's primary beneficiary, and Brian's potential claim to the

24   Proceeds (and related conflicts of interest).  Thus, entry of judgment is premature.

25   **III.    CONCLUSION**

26        Accordingly, the court hereby ORDERS:

27        1. Hancock's motion for order allowing interpleader (Dkt. No. 13) is GRANTED IN

28            PART.  Hancock shall interplead the Proceeds to the Court.  Hancock's requests to be

4

discharged and released from liability and for attorney's fees and costs are DENIED without prejudice.

2. Kristine's motion for declaratory judgment (Dkt. No. 10) is DENIED without prejudice.

Dated:  August 8, 2013

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE