UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), a Michigan Corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KRISTINE LEE JACOBS, an individual; KRISTINE LEE JACOBS, as guardian of BRIAN C. WOOD, a minor; GINA NEFF, an individual; DUANE JACOBSEN, an individual; Does I to X and roe Corporations X to XX,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-00557-APG-GWF<br><br>**ORDER**<br><br>(Plf's Renewed Motion for Discharge – dkt. #30) |

Before the Court is Plaintiff John Hancock Life Insurance Company (U.S.A.)'s Renewed Motion for Discharge and for Attorneys' Fees and Costs Associated with this Interpleader Action. (Dkt. #30.) For the reasons discussed below, the Motion is granted.

**I.　　BACKGROUND**

This is an impleader action arising from questions regarding the proper disposition of a decedent's life insurance proceeds (the "Proceeds"). On April 1, 2013, Plaintiff John Hancock Life Insurance Company (U.S.A.) ("Hancock") filed this interpleader action claiming that, due to uncertainties in Nevada law, Hancock could not determine the proper beneficiary or ratios of distribution under the subject life insurance policy (the "Policy"). (Dkt. # 1.) Defendant Kristine Lee Jacobs ("Jacobs"), one of the potential beneficiaries, filed her Answer and Counterclaim

against Hancock, seeking a declaration that she was entitled to the Proceeds. (Dkt. #9.) That same day, Jacobs moved for declaratory judgment on her Counterclaim, requesting an Order that Hancock pay the Proceeds to her together with damages and attorney's fees. (Dkt. #10.) Hancock responded to Jacobs' respective filings (Dkt. ##11, 12), and filed a Motion for an Order Allowing Interpleader (the "Motion"), which sought permission to interplead the funds with the court, dismissal from the action, discharge from future liability with respect to the Proceeds, and an award its attorney's fees. (Dkt. #13.)

In its Order dated August 9, 2013 (Dkt. #24), the Court granted in part Hancock's Motion to interplead the funds, determining that Hancock's fear of multiple claims was reasonable and the interpleader action was brought in good faith. However, as the scheduling conference had yet to taken place, the Court could not dismiss Hancock pursuant to Local Rule 22-1. Accordingly, the Court deferred any decision regarding attorney's fees. The Court also denied Jacob's motion, which it treated as one for summary judgment, because at that early stage of the proceedings questions of material fact existed. Now that the scheduling conference has taken place, Hancock renews its Motion.

## II.     DISCUSSION

By its Motion, Hancock requests dismissal from this action and discharge from any further liability associated with the Proceeds. Hancock further requests a permanent injunction prohibiting Defendants from bringing any claims against Hancock relating to the Proceeds. Additionally, Hancock requests an award of $10,562.39 for its attorney's fees and costs incurred in bringing and prosecuting this action.

### A.     Dismissal and Discharge

"Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of [28 U.S.C. § 1335], '[t]he Court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake.'" *N.Y. Life Ins. Co. v. Apostolidis*, 841 F.Supp.2d 711, 720 (E.D.N.Y. 2012) (quoting, 4 James Wm. Moore et al.,

Moore's Federal Practice § 23.03[2][a] (3d ed. 2005)). Additionally, 28 U.S.C. § 2361 provides the district court with the equitable authority to "discharge the plaintiff from further liability, make [an] injunction permanent, and make all appropriate orders to enforce its judgment." Accordingly, a stakeholder that "deposit[s] the death benefit and past interest with the court, thereby discharging its obligations under the policy" should be dismissed from the action without further involvement. *Jackson Nat. Life Ins. Co. v. Cabrera*, 48 Fed.Appx. 618, 620 (9th Cir. 2002).

Hancock has met the jurisdictional requirements of § 1335, has deposited the proceeds with the Court (Dkt. #29), and has complied with all the Court's instructions. The Court previously determined that Hancock brought this action in good faith, and, consequently, as a neutral stakeholder, the Court finds that Hancock is not independently liable to any claimant. Accordingly, the Court dismisses Jacob's Counterclaim against Hancock for failure to state a claim and dismisses Hancock from this action. Additionally, as the request is unopposed, the court will order Hancock discharged from this interpleader action and provide it the release of liability that it seeks.

**B.    Attorney's Fees**

Jacobs does not oppose the dismissal and discharge of Hancock, but asserts that its requested fees are excessive. Jacobs argues that Hancock took more action than was necessary to instigate a simple interpleader action. Jacobs does not include a calculation of what fees would be reasonable, but simply requests the Court to "significantly reduce" Hancock's fee request.

The district court "has discretionary authority to award attorneys' fees to the disinterested stakeholder." *Premier Trust, Inc. v. Duvall*, 559 F. Supp. 2d 1109, 1117 (D. Nev. 2008). This is because "the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation," and the interpleading party "should be awarded fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193, 194 (9th Cir. 1962). Moreover, a plaintiff "should not have to pay attorneys' fees in order to guard himself against the harassment of multiple

litigation." *Id.* at 193. Nonetheless, an award of attorney's fees is not automatic. "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [plaintiff's] release from liability, not in litigating the merits of the adverse claimants' positions." *Trustees of Directors Guild of Am. v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

Additionally, an award of attorney's fees for an interpleader action is subject to the reasonableness analysis generally undertaken for any award of attorney's fees. Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation, considering

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1] However, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

Hancock has presented evidence that two attorneys worked on this case. J. Christopher Jorgensen (a partner at Lewis Roca Rothgerber LLP who bills at a rate of $300 per hour) spent

---

[1] Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

10.2 hours working on the matter. Daniel Kiefer (a third-year associate, who bills at a rate of $250 per hour) spent 26.8 hours working on this matter. Additionally, Hancock has incurred $802.39 in costs directly attributable to this case.

With the exception of Mr. Jorgensen's 0.2 hours spent "[r]eview[ing] court minute order assigning Judge Mahan to the case,"[2] the Court finds that the rates charged and hours worked to be reasonable in light of the record and the prevailing rates charged by attorneys in the area. Consequently, the Court calculates the lodestar amount to be $9,700.00. Considering the *Kerr* factors, the Court does not find that an adjustment is needed. Additionally, the Court finds that the submitted fees—mostly consisting of the filing fee and service of process fees—to be reasonable. Thus, the Court determines an award of $10,502.39 to be reasonable.

Jacobs argues that the hours submitted should be substantially reduced because the expenses include costs incurred for tasks unrelated to the interpleader action and because public policy weighs against awarding the requested fees. Specifically, Jacobs objects to Hancock's submission of fees for consultations with her attorney seeking to resolve the matter without an interpleader action, research of Nevada State laws that "are completely unrelated to the filing of an interpleader action," and actions taken in response to her Counterclaim and Motion for Declaratory Judgment. Jacobs also asserts that "public policy dictates that the fees should not unnecessarily deplete the fund at the expense of the ultimate recipient."

The Court finds that Hancock undertook these actions in pursuit of its release from liability and thus, is entitled to recover those fees. First, attempts at a non-judicial resolution (which are encouraged) do not constitute litigation on the merits of an adverse claim, but rather an attempt to secure a release of liability. Second, Jacobs does not specify what inapplicable laws were researched, but the Court's review of the billing statements reveals two entries: one for "research [of] Nevada law re the effect of divorce on beneficiaries under a life insurance plan," and one for "additional research re Nevada law, including NRS 111.781." (Dkt. #30-2 at 3.)

---

[2] This one-sentence order was at most thirteen words. Further, as the title implies, review of a Minute Order generally should take no longer than a minute.

These are the precise matters giving rise to this impleader action. Third, in responding to the Counterclaim and Motion for Declaratory Judgment filed by Jacobs, Hancock was not litigating the merits of Jacobs' claim but simply asserting the reasons why it should not be held liable. The fact that Jacob's own actions increased the ultimate litigation costs incurred by Hancock cannot be a reason to reduce the fees requested by Hancock. Finally, the requested fee represents roughly 2.5% of the Proceeds; the Court does not consider this an immodest amount which unnecessarily depletes the fund at the expense of the party ultimately entitled to the Proceeds. *See Tise*, 234 F.3d at 427.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff John Hancock Life Insurance (U.S.A.)'s Renewed Motion for Discharge is GRANTED. The Court awards Plaintiff John Hancock Life Insurance (U.S.A.) $10,502.39 in attorney's fees and costs, payable from the Proceeds. The Court dismisses Defendant Kristine Lee Jacobs' Counterclaim, and dismisses Hancock from this action. The Court also enjoins Defendants from bringing any future lawsuit against Hancock relating to the Proceeds.

DATED THIS 13th day of February, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE